## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CB LODGING, LLC** ) | |
| ) | |
|     **Plaintiff/Counterclaim** ) | |
|     **Defendant/Third-Party** ) | |
|     **Plaintiff,** ) | |
| **v.** ) | |
| ) | **Case No. 08-cv-2310-JAR** |
| **I3TEL, LLC,** ) | |
| ) | |
|     **Defendant/Counterclaimant,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **DEER CREEK LODGING, LLC,** ) | |
| ) | |
|     **Counterclaim Defendant/** ) | |
|     **Third-Party Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **BARRY BRUATMAN,** ) | |
| ) | |
|     **Third-Party Defendant.** ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Third-Party Defendant Barry Brautman's Motion for Leave to Amend Answer (doc. 51). Third-party defendant Brautman seeks leave to amend his answer, pursuant to Fed. R. Civ. P. 15(a), to respond to a claim for breach of fiduciary duty (Count II) asserted by CB Lodging, LLC ("CB Lodging") in its third-party complaint. CB Lodging opposes the motion on the grounds the motion is untimely. For the reasons set forth below, the Court grants the motion.

Under Federal Rule of Civil Procedure 15(a)(1)(A), a party may amend a pleading that does not require a responsive pleading once as a matter of course within 21 days after service. Otherwise "a party may amend only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[1] The decision to grant leave to amend after the permissive period addresses the court's discretion and will not be disturbed absent abuse of that discretion.[2] Leave to amend should be denied when the court finds "undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[3] In addition, a court may find "untimeliness alone sufficient reason to deny leave to amend, 'especially when the party filing the motion has no adequate explanation for the delay.'"[4] In exercising its discretion, the court must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities.[5]

Brautman states in support of his motion that his counsel inadvertently failed to respond to Count II of CB Lodging's third-party complaint and only realized this later while preparing for settlement discussions. He further states that his counsel notified CB Lodging's counsel of the oversight immediately after it was discovered. He requests leave to amend his answer to correct this oversight. Brautman argues that no party will be prejudiced because CB Lodging was aware he was

---

[1]Fed. R. Civ. P. 15(a)(2).

[2]*Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[3]*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[4]*Pallotino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994).

[5]*Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989).

denying Count II and the parties have litigated with that understanding. He also states that the requested amendment should not result in the need for any additional discovery.

The Scheduling Order (doc. 29) entered in this case set a July 1, 2009 deadline for filing motions to amend the pleadings. Brautman did not file his motion until February 8, 2010, over seven months after the deadline. CB Lodging argues that Brautman has not shown good cause for his failure to file his motion before the Scheduling Order deadline.

Rule 15 allows amendments so that a case may be decided on its merits, not on technicalities in the pleadings. Additionally, there is a strong interest in having pleadings that accurately reflect the positions of the parties. In light of these objectives, the Court finds that Brautman should be permitted to amend his answer to CB Lodging's third-party complaint. Brautman has adequately explained why he failed to file his motion by the deadline in the scheduling order. He has also shown that CB Lodging will not be prejudiced by the amendment. CB Lodging does not refute that it knew Brautman's position on its claim for breach of fiduciary duty. Nor does the Court find unfair surprise by the late amendment. It should not require additional discovery. Brautman denied a similar claim in its answer to Deer Creek's third-party complaint. The Court thus finds no justifiable reason to deny the motion.

**IT IS THEREFORE ORDERED THAT** Third-Party Defendant Barry Brautman's Motion for Leave to Amend Answer to Plaintiff-Counterclaim Defendant CB Lodging, LLC's Third-Party Claim (doc. 51) is granted. Third-Party Defendant Brautman shall forthwith electronically file and serve his First Amended Answer.

Dated in Kansas City, Kansas on this 16th day of March, 2010.


s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge